**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

FERNANDO COVARRUBIAS,

                    Plaintiff,

         v.

CUSTODY SPECIALIST TRUJILLO et al.,

                  Defendants.

Case No. EDCV 20-1456-MCS (JPR)

ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE AND FAILURE TO STATE A CLAIM

On July 21, 2020, Plaintiff, a pretrial detainee proceeding pro se, filed a civil-rights action against four West Valley Detention Center employees, alleging various constitutional claims arising from his incarceration there.  He was subsequently granted leave to proceed in forma pauperis.

On September 17, 2020, the Magistrate Judge dismissed the Complaint with leave to amend because it failed to state any claim.  She advised Plaintiff that he could file objections to her order and that if he failed to timely file an amended complaint correcting the deficiencies she had pointed out, his lawsuit might be dismissed.  Plaintiff filed a First Amended Complaint on October 5, 2020, adding a fifth defendant.  The Magistrate Judge dismissed that complaint too, on October 20,

1

2020, because it also failed to state a claim, and she again advised him that he could file objections and warned him that his failure to timely file an amended complaint in compliance with the dismissal order could result in his lawsuit being dismissed. Any second amended complaint was due November 17, 2020.  To date Plaintiff has neither filed a SAC nor requested an extension of time to do so.

Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (per curiam), examined when it is appropriate to dismiss a pro se plaintiff's lawsuit for failure to prosecute.  See also Link v. Wabash R.R., 370 U.S. 626, 629-30 (1962) ("The power to invoke [dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  A court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits[;] and (5) the availability of less drastic sanctions." Carey, 856 F.2d at 1440 (citation omitted).  Unreasonable delay creates a rebuttable presumption of prejudice to the defendants that can be overcome only with an affirmative showing of just cause by the plaintiff.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994).

Here, the first, second, third, and fifth Carey factors militate in favor of dismissal.  In particular, Plaintiff has offered no explanation for his failure to file another amended complaint.  Thus, he has not rebutted the presumption of prejudice to Defendants.  No less drastic sanction is available,

2

1  as the FAC fails to state a claim and cannot be ordered served,

2  and Plaintiff is unable or unwilling to comply with the Court's

3  instructions for fixing his allegations.  Because none of his

4  claims can be ordered served, the Court is unable to manage its

5  docket.  Although the fourth <u>Carey</u> factor weighs against

6  dismissal — as it always does — together the other factors

7  outweigh the public's interest in disposing of the case on its

8  merits.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1261-62 (9th Cir.

9  1992) (as amended) (upholding dismissal of pro se civil-rights

10 action for failure to timely file amended complaint remedying

11 deficiencies in caption); <u>Baskett v. Quinn</u>, 225 F. App'x 639, 640

12 (9th Cir. 2007) (upholding dismissal of pro se civil-rights

13 action for failure to state claim or timely file amended

14 complaint).

15                              **ORDER**

16     Accordingly, this action is dismissed for failure to

17 prosecute and failure to state a claim.  The Court has read and

18 accepts the Magistrate Judge's September 17 and October 20, 2020

19 orders.

20     LET JUDGMENT BE ENTERED ACCORDINGLY.

21

22 DATED:   December 8, 2020      _____

23                                MARK C. SCARSI
                                  U.S. DISTRICT JUDGE

24 Presented by:

25 _____

26 Jean Rosenbluth
   U.S. Magistrate Judge

27

28

                              3